**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERRY LOCKETT, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 08-134 |
| v. | ) | |
| | ) | |
| FAMILY COUNSELING AND CHILDREN SERVICES, INC.; PROVIDENCE SERVICE CORP.; and, MARY WHITE, an individual, | ) ) ) ) | Honorable Joy Flowers Conti |
| | ) | |
| Defendants. | ) | |

**PROVIDENCE SERVICE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Providence Service Corporation ("Providence"), as and for its Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, Jerry Lockett ("Plaintiff" or Lockett"), states and alleges as follows:

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. Providence admits that Plaintiff purports to bring this action under the Fair Labor Standards Act of 1938 and the Civil Rights Act of 1866, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Providence denies any and all remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2. Providence admits that the Court may properly invoke subject-matter jurisdiction pursuant to 28 U.S.C. §1331, denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Providence denies any and all remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. Providence admits that venue in this action is proper within the United States District Court for the Western District of Pennsylvania, but denies that it has engaged in any

wrongdoing or that Plaintiff is entitled to any relief whatsoever.  Providence denies any and all remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

## PARTIES

4.  Providence admits upon information and belief, that Plaintiff began employment with Defendant Family Counseling and Children Services ("FCCS") in or about October of 2002.  Providence lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

5.  Providence denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.  Providence admits that it maintains its corporate headquarters at 5524 E. Fourth Street, Tucson, Arizona.  Providence denies any and all remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.  Providence admits that, upon information and belief, Mary White was the Chief Executive Officer of FCCS prior to October of 2007.  Providence further admits, upon information and belief, that White maintained an office at 1392 E. State Street, Sharon, Pennsylvania.  Providence denies any and all remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

8.  Providence states that Paragraph 8 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  Providence admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act and Section 1981, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.  Providence denies any and all remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Providence states that Paragraph 9 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. Providence admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act and Section 1981, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Providence denies any and all remaining allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Providence states that Paragraph 10 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. Providence further admits that Plaintiff purports to base this action on the Fair Labor Standards Act, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Providence denies any and all remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

## BACKGROUND AND STATEMENT OF CLAIMS

11. Providence admits, upon information and belief, that Plaintiff commenced employment with Providence in or about October of 2007. Providence lacks information sufficient with which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

12. Providence admits, upon information and belief, the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Providence denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Providence denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. Providence denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. Providence admits the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. Providence admits that Plaintiff's weekly pay fluctuates based on the number of hours worked in any given workweek. Providence denies any and all remaining allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. Providence states that Paragraph 18 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. Providence denies any and all remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Providence states that Paragraph 19 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. Providence denies any and all remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. Providence denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Providence denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Providence denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Providence denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. Providence denies that it has been aware of any instances in which Plaintiff has not been fully compensated for any work performed on behalf of Providence. Providence lacks

information sufficient with which to form a belief as to the truth or falsity of the allegation that Defendant FCCS and Defendant Mary White have been aware of instances in which Plaintiff was not fully compensated for all time worked. Providence denies any and all remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Providence lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

26. Providence lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

27. Providence denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. Providence denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. Providence denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. Providence denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Providence denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Providence lacks information sufficient with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

33. Providence lacks information sufficient with which to form a belief as to the truth of falsity of the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

34. Providence denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Providence denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Providence lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

37. Providence lacks information sufficient with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint and, accordingly, denies all such allegations.

38. Providence denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Providence denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40. Providence denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. Providence denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

**COUNT I: OVERTIME – FAIR LABOR STANDARDS ACT (FLSA)**
**(FCCS/PROVIDENCE/MARY WHITE)**

42.     Providence restates and incorporates its responses to the allegations contained in Paragraphs 1 through 41 of Plaintiff's Amended Complaint as though fully set forth herein.

43.     Providence states that Paragraph 43 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  Providence admits the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44.     Providence states that Paragraph 44 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required.  Providence denies that Plaintiff has been denied payment at his overtime rate of pay for any hours worked in excess of forty (40) in any given workweek.  Providence denies any and all remaining allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.     Providence denies the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.     Providence denies the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47.     Providence denies the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Providence denies the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

**COUNT II: RACE DISCRIMINATION**
**(DISPARATE TREATMENT/FAILURE TO PROMOTE)**
**(SECTION 1981) (FCCS/PROVIDENCE)**

49.     Providence restates and incorporates its responses to the allegations contained in Paragraphs 1 through 48 of Plaintiff's Amended Complaint as though fully set forth herein.

50. Providence denies the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51. Providence denies the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52. Providence denies the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. Providence denies the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54. Providence denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55. Providence admits that Plaintiff seeks to recover lost wages, lost business opportunities, compensation for pain and suffering, attorney's fees and costs, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Providence denies any and all remaining allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. Providence denies the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57. Providence denies that Plaintiff is entitled to recover punitive damages. Providence denies any and all remaining allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

**COUNT III: RETALIATION (SECTION 1981) (FCCS/PROVIDENCE)**

58. Providence restates and incorporates its responses to the allegations contained in Paragraphs 1 through 57 of Plaintiff's Amended Complaint as though fully set forth herein.

59. Providence denies the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. Providence denies the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61. Providence denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62. Providence denies the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63. Providence denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64. Providence denies the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65. Providence admits that Plaintiff seeks to recover lost wages, lost business opportunities, compensation for pain and suffering, attorney's fees and costs, but denies that it has engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever. Providence denies any and all remaining allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66. Providence denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. Providence denies that Plaintiff is entitled to punitive damages. Providence denies any and all remaining allegations contained in paragraph 67 of Plaintiff's Amended Complaint.

68. Except as expressly admitted herein, Providence denies each and every allegation contained in Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

69. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

70. To the extent Plaintiff has failed to exhaust his administrative remedies, his claims for relief are barred.

71. To the extent Plaintiff failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred.

72. Plaintiff's Amended Complaint fails for the reason that any alleged action or failure to act on the part of Providence was not the proximate cause of any alleged injury to Plaintiff.

73. If Plaintiff has been damaged as alleged, such damages have been caused by his own acts, by the acts of those other than Providence or by acts for which Providence is not responsible.

74. Plaintiff's Amended Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, punitive or liquidated damages against Providence.

75. Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or ratification.

76. Plaintiff's Amended Complaint fails to the extent that Plaintiff has failed to mitigate his damages, if any, as required by law.

77. Providence, at all times relevant to this action, has acted reasonably and in good faith toward Plaintiff, and in full compliance will all applicable laws.

78. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

79. Providence denies that it failed to pay proper overtime to Plaintiff. Plaintiff's claims are barred because any activities alleged in the Amended Complaint are preliminary or postliminary activities pursuant to the Portal-to-Portal Act, 29 U.S.C. § 254(e), and, thus, are not compensable.

80. Plaintiff's claims for relief are barred because any activities for which Plaintiff claims he was not compensated are not compensable, do not constitute work, and were not integral and indispensable to Plaintiff's principle employment activities.

81. At all relevant times, Providence acted in good faith in conforming with any statute, administrative regulations, rules, orders, interpretations, approvals, administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

82. Plaintiff is not entitled to any liquidated damages because any act or omission on the part of Providence was in good faith and Providence had reasonable grounds for believing that its acts or omissions did not violate the Fair Labor Standards Act.

83. Providence is entitled to offset any time allegedly incurred by Plaintiff for which Providence did not compensate Plaintiff, if any, against any non-work time for which Plaintiff was compensated by Providence.

84. Plaintiff's claims for relief are barred to the extent he did not work in excess of 40 hours in any given workweek and, thus, is not entitled to overtime.

85. Plaintiffs' claims for relief are barred because Providence did not commit a willful violation of the Fair Labor Standards Act.

86. Plaintiff's claims are untimely to the extent such claims do not relate back to the original filing of the action pursuant to Federal Rule of Civil Procedure 15(c).

87. To the extent that Plaintiff seeks to recover relief for: (1) alleged incidents occurring prior to the limitations period applicable to Plaintiff's claims of discrimination or retaliation; or (2) for alleged incidents not listed within any charge of discrimination or other administrative complaint filed by Plaintiff, Plaintiff may not recover any relief for any such incidents of alleged discrimination, harassment or retaliation.

88. Plaintiff's Amended Complaint fails to the extent that he has failed to mitigate his damages, if any, as required by law.

89. Any action taken by Providence was job related, consistent with business necessity and reasonably necessary for the normal operation of Providence's business, and was based on legitimate, reasonable and non-discriminatory business reasons, not any alleged unlawful or discriminatory/retaliatory animus.

90. Plaintiff's alleged damages, or a portion thereof, may be barred by the doctrine of after-acquired evidence.

91. Plaintiff's claims of discrimination are barred because Providence exercised reasonable care in promulgating and distributing a comprehensive anti-discrimination or harassment policy and complaint procedure, Providence took measures to prevent and correct any alleged discrimination or retaliation, and Plaintiff failed to take advantage of the preventative or corrective opportunities provided by Providence or to otherwise avoid harm.

92. Providence affirmatively states that it will rely upon each and every affirmative defense or other avoidance provided by the Federal Rules of Civil Procedure, the Fair Labor Standards Act, Section 1981, or other law that may become known during the course of this

litigation, including discovery, trial or otherwise.  Providence reserves the right to supplement and amend its Affirmative Defenses as warranted by the facts of the case.

**WHEREFORE,** Defendant, Providence Service Corporation, respectfully requests that the Court grant the following relief:

(a) Entering judgment dismissing Plaintiff, Jerry Locket's, Amended Complaint on the merits and with prejudice;

(b) Awarding Defendant, Providence Service Corporation, its attorneys' fees, costs, and disbursements; and

(c) Directing such other relief as the Court deems just and equitable.

Respectfully submitted,

  s/  Ryan James
Ryan James
DUANE MORRIS LLP
PA I.D. # 82799
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2811
Phone: 412.497.1000
Fax: 412.497.1001
RJames@duanemorris.com

*Attorney for Defendant Providence Service Corporation*

Dated:  September 10, 2008

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 10th day of September, 2008, a true and correct copy of the foregoing Providence Service Corporation's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was served by operation of the Court's electronic filing system upon the following counsel of record:

  Joseph H. Chivers, Esq.
  312 Boulevard of the Allies, Suite 600
  Pittsburgh, PA 15222-1923
  *Attorneys for Plaintiff*
  *Jerry Lockett*

  Patricia A. Monahan, Esq.
  Danielle M. Vugrinovich, Esq.
  Marshall, Dennehey, Warner, Coleman & Goggin
  600 Grant Street, Suite 2900
  Pittsburgh, PA  15219
  *Attorneys for Defendants*
  *Family Counseling and Children Services Inc.*
  *and Mary White*

              s/ Ryan James